### THE LOUIS DOLIVE.

(District Court, E. D. Louisiana. January 22, 1914.)

No. 14,569.

ADMIRALTY (§ 50*)—SUIT TO ENFORCE LIEN FOR SUPPLIES—BRINGING IN NEW PARTIES.

In a suit in rem against a vessel to enforce a lien for supplies furnished, the claimant may, by analogy to the procedure authorized by admiralty rule 59, bring in a charter which procured the supplies and was bound by the charter to pay for the same, that the entire controversy may be determined in one suit.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 414–429; Dec. Dig. § 50.*]

In Admiralty. Suit by the Kittredge-Waters Supply Company against the steamer Louis Dolive; the St. Tammany Steamship Company, claimant. On exceptions to petition of claimant to bring in new parties. Exceptions overruled.

Jno. D. Grace, of New Orleans, La., for libelant.

Rice & Montgomery, of New Orleans, La., for claimants.

E. Vidrine and Grant & Grant, all of New Orleans, La., for exceptors.

FOSTER, District Judge. In this matter libelant caused the seizure of the steamer Louis Dolive for certain supplies furnished, and other materialmen intervened. The St. Tammany Steamship Company claimed the vessel and now files a petition, alleging that the steamer Dolive had been chartered to the Mandeville Steamboat Company and that it was the duty and obligation of said company to pay all the claims now asserted against the boat. They also set up that the Mandeville Steamboat Company is not a corporation because of certain informalities of organization, and therefore the stockholders are commercial partners under the laws of Louisiana. They pray that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

company and its members be made parties to the suit and for judgment against them the same as may be rendered against the vessel.

The Mandeville Steamboat Company and its members except to the petition on the grounds that it misjoins in the same case a suit in personam with a suit in rem; that it misjoins a cause of action for violation of a charter party with a cause of action for supplies furnished; that it discloses no cause of action; that petitioners are estopped to sue the members of the steamboat company individually, having dealt with it as a corporation.

With regard to the first and second grounds, exceptors rely upon the twelfth rule in admiralty, which permits materialmen to proceed either in rem or in personam, and certain decisions holding that they cannot pursue both remedies in the same proceeding. This, however, is entirely beside the issue, as the petitioners are not seeking to recover for supplies. Petitioners rely upon the fifty-ninth rule and say that their action comes within its spirit, if not its letter, and cite numerous cases to sustain that position, particularly The Barnstable, 181 U. S. 466, 21 Sup. Ct. 684, 45 L. Ed. 954. The decisions cited, while not exactly in point, are persuasive. Furthermore, it is elemental that courts of admiralty administer the broadest equity and have the right to adopt any rule not inconsistent with law or the rules adopted by the Supreme Court.

It seems to me to be entirely equitable and right that the charterers should be brought into this proceeding in order that the entire matter may be determined at one time, which can readily be done with due regard to the rights of all parties.

The exception of no cause of action is not well taken. The question of estoppel has been repeatedly decided adversely to exceptors' contentions by the Supreme Court of Louisiana.

The exceptions will be overruled.